## SOUTHERN DEPARTMENT—EASTERN DIVISION.
## MARCH TERM, 1896.

R. L. McDonald & Co. v. Oley Richolson, *as Sheriff of Elk County, Kansas.*

### No. 43.

1. Chattel Mortgage—*Liability of Sheriff.* Where Q. is in possession of personal property by virtue of a valid chattel mortgage, and the sheriff levies an execution upon a portion of it, Q. has a cause of action against him for the return of the property held by him or for the value thereof.

2. ——— *Rights of Assignee.* Where Q. transfers a note and an unrecorded chattel mortgage to M. & Co., and delivers to them the possession of all the mortgaged property except the articles held by the sheriff under the execution, Q. does not thereby assign and transfer to said M. & Co. his cause of action against said sheriff.

3. ——— *Rights of Judgment Creditor.* Where M. & Co. come into the possession of an unrecorded chattel mortgage at a time when a portion of the mortgaged property is in possession of the sheriff, under an execution, said sheriff is entitled to hold said property for the benefit of the judgment creditor in whose favor said execution was issued, as against M. & Co.

4. ——— *Transfer—Sheriff in Possession.* In the transfer of an unrecorded chattel mortgage, the assignee takes said mortgage subject to the rights of judgment creditors who have already reduced the mortgaged property to possession.

Memorandum.—Error from Elk district court; M. G. Troup, judge. Action in replevin by R. L. McDonald & Co. against Oley Richolson, as sheriff of Elk county, Kansas. Judgment for defendant. Plaintiffs bring the case to this court. Affirmed. The opinion herein was filed May 8, 1896.

The statement of the case, as made by DENNISON, J., is as follows:

This is an action in replevin brought in the district court of Elk county, Kansas, by R. L. McDonald & Co., the plaintiffs in error, against Oley Richolson, as sheriff of said county, to recover a quantity of merchandise held by said Richolson, as sheriff, by virtue of an execution issued out of the district court of said county upon a transcript of a judgment rendered by a justice of the peace in a case in which W. M. Wade was plaintiff and J. F. Good & Co. were defendants.

The facts may be briefly stated as follows: Upon and prior to March 15, 1890, J. F. Good & Co. were in possession of a stock of general merchandise, and were conducting a general mercantile business in their store room in Moline, Kan.; on said March 15, 1890, for the purpose of securing an indebtedness to R. Quartermas, president of the bank at Moline, they executed and delivered to him a chattel mortgage covering said stock of general merchandise, together with the furniture and fixtures and notes and book-accounts, all being in said building; said Quartermas upon the same day took possession of said personal property and remained in possession until March 31, when a portion of said merchandise was taken into possession by this defendant, as sheriff, upon said execution.

Thereafter, and prior to the sale of said merchandise by the sheriff, Quartermas transferred his said mortgage and the note secured thereby to the plaintiffs, R. L. McDonald & Co., and delivered to them possession of all of said mortgaged property excepting such articles as were at that time held by said sheriff under said execution. The said R. L. McDonald & Co. thereafter proceeded to advertise and sell

said mortgaged property, and at the sale thereof became the purchasers of the property so sold.    Afterward, and while said sheriff held said personal property described in said execution 'and without his knowledge or consent, the agent of McDonald & Co. forcibly took said property from his possession and custody. The sheriff afterward repossessed himself of said property under said execution, and this action was brought by said McDonald & Co. to recover it.    The case was tried upon an agreed statement of facts.    Judgment was rendered for the defendant, and the plaintiffs bring the case here for review.

*L. Scott*, for plaintiffs in error.

*J. B. Ziegler*, for defendant in error.

The opinion of the court was delivered by

·  DENNISON, J.  Quartermas had an unrecorded mortgage upon all the personal property contained in the store building of Good & Co., and being in the actual possession of it, his right to the possession thereof was superior to that of the sheriff under the execution. While the property was so in the possession of Quartermas, the sheriff levied upon a portion of it; whether with the assent of Quartermas or against his wish does not appear.    Quartermas made no effort to repossess himself of the goods taken by the sheriff, but, on the contrary, transferred the note and mortgage and the possession of what goods were then in his possession to McDonald & Co.    It does not appear that Quartermas assigned to McDonald & Co. his right of action against the sheriff.    The agreed statement of facts is that he transferred the mortgage and note and delivered the possession of all the mortgaged property except the articles held by the sheriff.    McDonald & Co.

purchased an unrecorded mortgage, and received possession of a portion of the mortgaged property. The remainder of the property was held by the sheriff under an execution against the mortgagor.

It is clear that Quartermas had a cause of action against the sheriff for the retention of the property held by him, or for the value thereof. The real question in this case is, Did Quartermas, by transferring a note against Good & Co., secured by an unrecorded mortgage, and delivering the possession of property which was in his possession, thereby transfer and assign to McDonald & Co. his cause of action against the sheriff? The agreed statement of facts does not state how the transfer was made, and we cannot assume that an assignment of the cause of action was included in the transfer of the note and mortgage. We must therefore hold that, in the transferring of an unrecorded mortgage, the assignee takes said mortgage subject to the right of judgment creditors who have already reduced the mortgaged property to possession, and that the sheriff held the property under the execution for the benefit of the judgment creditor in whose favor it was issued.

The judgment of the district court is affirmed.

All the Judges concurring.